**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARIE DOPICO, *for Plaintiff and the class of members defined herein* | : : : : |
| Plaintiff, | : Civil Action No. 14-1874 (PGS)(DEA) |
| v. | : **MEMORANDUM ORDER** |
| IMS TRADING CORP, *et al.,* | : : |
| Defendants. | : : |

This matter comes before the Court on a motion [ECF No. 31] by Plaintiff, Marie Dopico, for leave to file a Second Amended Complaint. Defendant has opposed the motion. For the reasons set forth below, Plaintiff's motion is granted.

**I.  Background**

Plaintiff brings this putative class action against Defendant IMS Trading Corporation a/k/a IMS Pet Industries ("IMS") alleging that dog treats marketed and sold to pet owners by IMS caused illness and/or death to dogs that consumed the product. This matter was removed from the Superior Court of New Jersey in March 2014. Shortly after removal, Plaintiff filed an Amended Complaint. The Amended Complaint contains the following Counts:  Count I, breach of express warranty under the Uniform Commercial Code ("UCC"); Count II, breach of implied warranty under the UCC; Count III, violation of New Jersey's Consumer Fraud Act; Count IV, violation of the Magnuson-Moss Warranty Act; Count V, unjust enrichment; Count VI, failure to warn (products liability), and Count VII, defective design or manufacture (products liability). ECF No. 9.

IMS moved to dismiss the Amended Complaint [ECF No. 13], and in April 2015, Judge Sheridan dismissed Counts II, III and V with prejudice as being subsumed by the New Jersey Products Liability Act, N.J.S.A. § 2A:58C *et seq*. ("NJPLA").  Plaintiff now seeks to file a Second Amended Complaint ("SAC") to add two additional Plaintiffs, one a resident of New Jersey and the other a resident of Arizona.  The proposed SAC also adds certain claims applicable to the Arizona-resident Plaintiff only.  These are as follows:  (1) breach of implied warranty under the UCC (Count II); (2) violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count III); (3) unjust enrichment (Count V); and (4) violation of the Arizona Consumer Fraud Act (Count VIII).  Defendant opposes the motion on the ground that Judge Sheridan previously dismissed with prejudice Plaintiff's claims for breach of implied warranty, violation of the NJCFA, and unjust enrichment.

**II.  Analysis**

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  The decision to grant leave to amend rests within the sound discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970).  In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

IMS opposes Plaintiff's motion and contends that the proposed amendments are futile, at least to the extent that the proposed SAC purports to assert causes of action that were previously dismissed.[1]  "Given the liberal standard under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Wainwright v. City of Sharon*, No. CV 14-1212, 2016 WL 110015, at *2 (W.D. Pa. Jan. 11, 2016) (quotations omitted) (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007).  Here, as explained below, Defendant has not met its burden.

The thrust of IMS' futility argument rests upon the fact that similar claims in this case were dismissed by Judge Sheridan as being subsumed by the NJPLA.  IMS accuses Plaintiff of attempting to circumvent that prior ruling by re-pleading these claims.  However, the claims that were previously dismissed were brought by a New Jersey-resident Plaintiff to whom New Jersey law applied.  Indeed, Judge Sheridan expressly noted that his ruling was applicable only to the New Jersey Plaintiff (the sole Plaintiff at that time):

> [Plaintiff] argues that there may be class members that aren't subject to the New Jersey law, but the only complainant we have at the present time is a resident of New Jersey; <u>she's subject to New Jersey law</u>. The Court measures the complaint against the plaintiff, so I will not speculate on other possible plaintiffs of whom I do not know where they're from, or if they have a claim. … In short, I analyzed the complaint under the facts that are presently before me.

Marone Cert., Exhibit A, 24:7 to 14 (emphasis supplied).

Unlike the claims that were previously dismissed, the claims at issue here are brought on behalf of, and only on behalf of, a Plaintiff who does not live in New Jersey.  The SAC expressly excludes any New Jersey-resident Plaintiffs from those claims.  It is IMS' position that nevertheless, as Judge Sheridan previously found, the disputed claims are subsumed by the NJPLA.  IMS argues that the residence of the out-of-state Plaintiff does not save his claims, and

---

[1] Defendant does not appear to contest the addition of two Plaintiffs and the addition of a claim under the Arizona Consumer Fraud Act.

3

IMS cites to a multitude of cases in which courts in this district have found claims brought by non-New Jersey residents to be subsumed by the NJPLA. *See* ECF No. 32 at 7-10.

The flaw in IMS' argument, however, is that it overlooks the choice-of-law issues implicated by the facts pled in the proposed SAC and presumes New Jersey law applies to the Arizona Plaintiff's claims. According to the SAC, the Arizona Plaintiff not only lives in Arizona, he purchased Defendant's dog treats in Arizona, his dog allegedly became ill as a result of eating the treats (presumably in Arizona) and he incurred over $200 in veterinary bills (presumably in Arizona). Without discussion of any choice-of-law issues, IMS advances its argument as if New Jersey law applies to the Arizona Plaintiff's claim and contends, for example, that Plaintiff has not established that "[NJ]PLA subsumption turns on the residency of the plaintiff bringing the action." ECF No. 32 at 9. However, Plaintiff is not arguing that application of the NJPLA turns on residency. Rather, Plaintiff correctly points out that before the question of "[NJ]PLA subsumption" can be reached, it must first be established that the NJPLA applies to Plaintiff's claims. Because "the NJPLA can only subsume claims that are governed by New Jersey law," *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 702 (D.N.J. 2011), Judge Sheridan's decision would only foreclose the Arizona Plaintiff's claims to the extent that New Jersey law applies. IMS, however, does not address the choice-of-law issue.[2] Having failed to do so, it has failed to show the proposed SAC is futile.[3]

---

[2] Interestingly, in most of the decisions cited by IMS in support of its position, the District Judge either performed a choice-of-law analysis or expressly recognized the choice-of-law issues. *See*, *e.g.*, *Arlandson*, 792 F. Supp. 2d 691 (D.N.J. 2011) (performed choice-of-law analysis); *Montich v. Miele USA, Inc.*, 849 F.Supp.2d 439 (D.N.J. 2012) (performed choice-of-law analysis); *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628 (January 14, 2008) (recognized choice-of-law issues); *Delaney v. Stryker Orthopaedics*, No. 08-3210, 2009 WL 564243, at *4 (D.N.J. Mar. 5, 2009) (recognizing "a choice of law analysis would be needed to determine the New Jersey PLA issues"); *Borelli v. Everland*, No. 00-5721, 2006 WL 435730 (E.D. Pa. Feb. 21, 2006) (performed choice-of-law analysis).

[3] The Court recognizes that one of the disputed claims in the SAC is for violation of the New Jersey Consumer Fraud Act, which, on its face, is asserted under New Jersey law. It is apparently pled in the alternative to the claim

### III. Conclusion and Order

The Court having considered the submissions of the parties, and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, and for the reasons set forth above,

**IT IS** on this 1st day of February 2016,

**ORDERED** that the motion [ECF No. 31] for leave to file a Second Amended Complaint is hereby GRANTED; and it is further

**ORDERED** that Plaintiff is to file the Second Amended Complaint within 14 days of the entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge

---

under the Arizona Consumer Fraud Act.  Until it is determined which state's consumer protection law is applicable, the Court finds it prudent to permit both claims to proceed.